# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

IN RE:  APPLICATION OF JOSH SHAPIRO,  :   No. 50 MM 2021
ATTORNEY GENERAL OF THE          :
COMMONWEALTH OF PENNSYLVANIA,   :
REQUESTING AN ORDER DIRECTING     :
THAT A SUCCESSOR MULTICOUNTY     :
INVESTIGATING GRAND JURY HAVING   :
STATEWIDE JURISDICTION BE        :
CONVENED                           :

## ORDER

**AND NOW**, this 10th day of May, 2021, upon consideration of the Application of Josh Shapiro, Attorney General of the Commonwealth of Pennsylvania, and it appearing that granting the Application is appropriate under the Investigating Grand Jury Act, 42 Pa.C.S. §§ 4541 *et seq.*, it is hereby ORDERED as follows:

1.      The Attorney General's Application, requesting that an additional multicounty investigating grand jury having statewide jurisdiction ("Forty-Ninth Statewide Investigating Grand Jury") be convened, is hereby GRANTED.

2.      The Honorable Richard A. Lewis, Twelfth Judicial District, Dauphin County, Pennsylvania, is designated as Supervising Judge of the Forty-Ninth Statewide Investigating Grand Jury.  All applications and motions relating to the work of the Forty-Ninth Statewide Investigating Grand Jury, including motions for disclosure of grand jury transcripts and evidence, shall be presented to the Supervising Judge.  With respect to investigations, presentments, reports, and all other proper activities of the Forty-Ninth Statewide Investigating Grand Jury, Judge Lewis, as Supervising Judge, shall have jurisdiction over all counties throughout the Commonwealth of Pennsylvania.  Judge Lewis may temporarily designate another jurist who has been appointed by this Court as

the Supervising Judge of a multicounty investigating grand jury having statewide jurisdiction to serve as Acting Supervising Judge of the Forty-Ninth Statewide Investigating Grand Jury when Judge Lewis is absent or otherwise unavailable.

3. Dauphin County is designated as the location for the Forty-Ninth Statewide Investigating Grand Jury proceedings.

4. The Court Administrator of Pennsylvania is directed to draw at random six counties from the Middle District of Pennsylvania pursuant to Rule 241(A)(1) and 241(C)(3) of the Pennsylvania Rules of Criminal Procedure, and these six counties, plus Dauphin County, shall together supply jurors for the Forty-Ninth Statewide Investigating Grand Jury.

5. Pursuant to Rule 241(A)(2) of the Pennsylvania Rules of Criminal Procedure, the Court Administrator of Pennsylvania is directed to obtain the names and addresses of persons residing in the aforesaid counties who are eligible by law to serve as grand jurors and who have been screened consistent with Rule 242 of the Pennsylvania Rules of Criminal Procedure.

6. The total of such names of prospective jurors to be collected shall be two hundred, of which fifty shall be selected at random and summoned by the Court Administrator of Pennsylvania to Dauphin County. *See* Pa.R.Crim.P. 241(A)(3). The Supervising Judge shall impanel the Forty-Ninth Statewide Investigating Grand Jury from this panel of fifty prospective jurors. If it becomes necessary, additional prospective jurors shall be summoned by the Supervising Judge from among the remaining one hundred fifty prospective jurors. *See id.*

7.      The Forty-Ninth Statewide Investigating Grand Jury will remain in session for not more than eighteen months following the date that it is impaneled by the Supervising Judge.  *See* 42 Pa.C.S. § 4546(a).

8.      The Attorney General of the Commonwealth of Pennsylvania, or his designee in charge of the Forty-Ninth Statewide Investigating Grand Jury, may apply, if necessary, to the Supervising Judge for an extension of the term of the Forty-Ninth Statewide Investigating Grand Jury for an additional period of up to six months, if, at the end of its original term, the Investigating Grand Jury determines by majority vote that it has not completed its business.  *See* 42 Pa.C.S. § 4546(b).  The Forty-Ninth Statewide Investigating Grand Jury's term, including any extension, shall not exceed twenty-four months from the date it was originally impaneled by the Supervising Judge.  *See id.*

9.      The Supervising Judge shall maintain control of transcripts and evidence, as provided by Rule 229 of the Pennsylvania Rules of Criminal Procedure.  The Supervising Judge shall determine the manner and location with respect to storage of transcripts.  The Supervising Judge shall control disclosure of matters occurring before the Forty-Ninth Statewide Investigating Grand Jury, as provided by 42 Pa.C.S. § 4549.

10. The Supervising Judge shall have the same duties and powers relating to maintaining grand jury secrecy with respect to each expired multicounty investigating grand jury having statewide jurisdiction that had convened in Dauphin County or any other county identified in Rule 241(C)(3).

MAX BAER
Chief Justice of Pennsylvania